CáRUTHERS, J.,
delivered the opinion of the Court.
The defendant upon petition to a Circuit Judge, obtained a supersedeas against an execution issued against him as stayor, for one Carson. The case stated in the petition is this : on the 14th November, 1857, a judgmentwas rendered by McOrue, a Justice of the Peace of Jackson county, in favor of Gaw v. Carson as principal, and Kirkpatrick as surety. Within two days, W. G-. Cox become stayor, and afterwards thename of R. A. Cox was entered. Some eight'or ten days after the date of the judgment, he states that “he was called upon by some person to become stayor also, and he entered • his name accordingly.” He says he thought Kirkpatrick, as well as Carson would be bound before him, but he finds that as he did not unite in the request, he is not liable before petitioner. Code, 3061-2
The defendant insists that he is not bound, because he did not enter his name within two days from date of judgment. Code, 3059; 7 Yerg., 140. Nor is he bound under sec. 3060 of Code, which allows stay after two days, with assent of plaintiff, because it had been legally stayed before by W. G. Cox, and in that case this provision does not apply. Howard v. Brownlow, 4 Sneed, 550. That is all very clear, but another more serious question arises under see. 3065 of the Code, from the act of 1846.
By that section the plaintiff may at any time before the expiration of the stay, if he deems his debt in danger, on account of the condition of the stayor, require the defendant “to justify or give other security,” and in case of failure, to have execution “ forthwith.” This requires an affidavit of plaintiff, and two days’ notice to defendant. The proof is, by the magistrate, that the plaintiff become dissatisfied with the Coxes, as security for stay of execution, and that, upon his application he issued the proper notice for Carson to give other security, or justify. The constable proves the service of this notice upon Carson, and both prove that Rawley then *718 came forward and entered Ms name, and that was satisfactory to the plaintiff, and the time of stay run out, before this execution was issued. The magistrate further states that “he does not recollect whether said Gaw made affidavit preparatory to getting out and serving said notice or not.” No affidavit is produced or otherwise proved, and the question is whether that can.be dispensed with. The object of that requirement, is, that plaintiff shall, not causelessly or whimsically put the defendant, who has already complied with the requirements of the law, to the trouble of hnnting up other securities, or Showing that those already given are sufficient. He shall not compel him do this, or lose the eight months delay to which the law entitles him, by making the debt secure, unless he will swear, and file his affidavit, that he believes his debt to be unsafe. This is entirely for the benefit of the original defendant. But if he be notified, and brings forward other stayors, without requiring the affidavit, does itliein the mouth of the latter to object ? What is it to him, whether the affidavit is made or waived ? His willingness to become bound for the defendant cannot depend upon that, nor is his risk any the greater or less on that account. ,
If the plaintiff had issued his execution before the expiration of the stay, without complying with this law, it could have been superseded as illegal, by the defendant in the judgment and his original stayor. But that was not done. The original defendant, upon notice, came forward without requiring an affidavit, and did what the law required of him by giving the defendant Rawley as additional and satisfactory security. We think he is clearly bound.
Reverse the judgment below, and enter the proper judgment here.